IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CURTIS LYNN MOORE,<br>    Petitioner, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO.4:04-CV-538-Y |
| | § | |
| DOUGLAS DRETKE, Director,<br>T.D.C.J., Correctional<br>Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§ | |

### OPINION AND ORDER DENYING MOTION TO RECUSE and, DISMISSING PETITION UNDER 28 U.S.C. § 2254

Pending before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 brought by Curtis Lynn Moore. Although initially referred to the magistrate judge, this case was returned to the Court after Moore objected to a preliminary order denying Moore's November 5, 2004, motion for evidentiary hearing.[1] Because the respondent has filed an answer and Moore a reply,[2] the petition is ripe for consideration on the issue of limitations.

Before reviewing the timeliness of the petition, however, the Court notes that Moore has also filed a motion to recuse, seeking to have the undersigned disqualify myself from any further consideration of this case. Petitioner seeks recusal under the

---

[1] After considering the order of the magistrate judge, it is evident that Petitioner has not shown the magistrate judge's order denying an evidentiary hearing to be clearly erroneous or contrary to law, and thus the Court concludes that Petitioner's objection must be overruled. *See* 28 U.S.C.A. § 636(b)(1)(A)(West Supp. 2004); FED. R. CIV. P. 72(a). Moore has also recently filed a Second Motion for Evidentiary Hearing. After review and consideration of this motion [docket no. 24], the Court finds that it should be DENIED.

[2] Moore actually filed two pleadings on November 16, 2004 in reply to the respondent's answer, a document entitled "Traverse" [docket no. 17], and a document entitled "Reply Brief" [docket no. 18]. Since the case was returned to this Court, Moore has submitted another document in reply to the answer entitled "Supplemental Reply Brief" [docket no. 22].

provisions of 28 U.S.C. § 455(a), which requires that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[3] A movant must show "only that a reasonable person 'would harbor doubts about the judge's impartiality.'"[4] In order to be entitled to recusal, the moving party must allege bias that is "personal" as distinguished from judicial.[5] Moore does not make an allegation of personal bias against the undersigned. Rather, Moore, who had a prior petition under 28 U.S.C. § 2254 pending before this Court, contends that this Court's rulings in that case barred him from being able to pursue claims for relief under 28 U.S.C. § 2254. But, "a motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency to rule in any particular way, nor on a particular judicial leaning or attitude derived from his experience on the bench."[6] As complained of judicial rulings form the only basis of the recusal motion, it must be denied.

By this action for habeas-corpus relief under 28 U.S.C. § 2254, petitioner Curtis Lynn Moore, TDCJ No. 853446, challenges his

---

[3] *See* 28 U.S.C.A. § 455(a)(West Supp. 2004).

[4] *See Phillips v. Joint Legislative Comm.*, 637 F.2d 1014, 1019 n.6 (5th Cir Unit A 1981), *cert denied*, 465 U.S. 960 (1982).

[5] *Phillips*, 637 F.2d at 1020 (citations omitted).

[6] Id. at 1020 *citing, United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)(other citations omitted); *see also Liteky v. United States,* 510 U.S. 540, 555 (1994).

2

judgment of conviction for burglary of a habitation with intent to commit aggravated sexual assault in cause number 7701 in the 355th Judicial District Court, Hood County, Texas. (Pet. ¶¶ 1-4.) Moore filed a direct appeal, whereupon his conviction was affirmed by the Texas Court of Appeals, Second District, on March 29, 2001.  Moore sought discretionary review, but the Texas Court of Criminal Appeals refused on October 3, 2001. (Pet. ¶¶ 8-9; Answer at 2.) Moore filed his first application for writ of habeas corpus in state district court in 1999, but that application was ultimately dismissed as  Moore's direct appeal was still pending. (Pet. ¶ 11.) Moore filed a second application for writ of habeas corpus in state district court on September 17, 2002, which was ultimately denied without written order by the Texas Court of Criminal Appeals on April 2, 2003. (Pet. ¶ 11; *Ex parte Moore,* No. 40,401-03, cover.) Moore also previously sought relief under 28 U.S.C. § 2254 in this Court in *Moore v. Dretke,* No.04-03-CV-523-Y, but that petition was dismissed without prejudice (except as to the application of any federal statute of limitations or other federal procedural bar).

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposed for the first time a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.[7]  This limitations provision, codified at  28 U.S.C. §

---

[7] In Title I of the AEDPA, sections 101-106 amend § 2244 and §§ 2253-2255 of chapter 153, Title 28, United States Code, governing all habeas-corpus proceedings in the federal courts. *See* 110 Stat.  1217-1221.  The amendments to chapter 153 apply only to cases filed on or after the date the AEDPA was signed into law. *Lindh v.  Murphy,* 521 U.S.  320, 326  (1997).

3

2244(d)(1)-(2), provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[8]

As Petitioner's action was filed after the enactment of the AEDPA, the timeliness of his filing is controlled by § 2244(d).

Petitioner Moore was convicted in 1998, but the date on which his judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review is on January 1, 2002, ninety days after the Texas Court of Criminal

---

[8] 28 U.S.C.A. § 2244 (d)(1)-(2)(West Supp. 2004).

Appeals refused his petition for discretionary review (October 3, 2001).[9] Thus, one year from the date on which Moore's judgment of conviction became final was January 1, 2003.[10]

If a state prisoner files an application for state post-conviction or other collateral review, the time taken to pursue that remedy is not counted toward the one-year limitation period.[11] Thus, for each day that a properly filed application for state post-conviction or other collateral review is pending, the limitation period is extended.  Moore's second state application was pending for one hundred ninety-eight days, from the September 17, 2002, date he filed the application in state trial court until April 2, 2003, the date it was denied by the Court of Criminal Appeals. Extending the one-year limitation period by a total of one hundred ninety-eight days beyond the January 1 date would have allowed petitioner Moore until July 18, 2003, to timely file a § 2254 petition in compliance with 28 U.S.C. §§ 2244(d)(1) and (d)(2). Moore's instant petition under 28 U.S.C. § 2254 was not file-stamped in federal district court until July 20, 2004. As

---

[9] *See Flanagan v. Johnson,* 154 F. 3d. 196, 197 (5th Cir. 1998)(noting that even though Flanagan did not file a petition for writ of certiorari with the Supreme Court, his conviction was not final until the ninety day period to file a petition for writ of certiorari had expired), *citing Casspari v. Bohlen,* 510 U.S. 383,(1994) and *Motley v. Collins,* 18 F.3d 1223, 1225 (5th Cir. 1994).

[10] *See Flanagan,* 154 F.3d at 201-02 (applying the directive in Federal Rule of Civil Procedure 6(a) regarding not counting the day of an act or event in computing a time period, to the computation of the AEDPA one-year limitation period).

[11] 28 U.S.C.A. § 2244(d)(2)(West Supp. 2004).

5

such, the petition appears to be untimely.

Moore, of course, was previously before this Court with a petition under 28 U.S.S. § 2254 challenging the same conviction he challenges here. That action was filed in late May 2003, dismissed in an order and judgment filed on November 25, 2003, and although Moore filed a notice of appeal, the court of appeals denied his request for a certificate of appealability in an order filed as mandate in this Court on June 24, 2004.  Moore is not entitled to *statutory* tolling for the pendency of the prior § 2254 case, as the Supreme Court, in *Duncan v. Walker,* held that a federal habeas corpus petition "is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C.§ 2244(d)(2)."[12]  In a concurring opinion, however, Justice Stevens expressly noted that a court is not precluded from *equitably* tolling the limitation period for the pendency of a prior federal habeas proceeding.[13] Moore argues that he should be entitled to equitable tolling for the pendency of the prior case.

The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling.[14] The burden is on the petitioner--here Moore--to show rare, exceptional and/or extraordi-

---

[12]*See Duncan v. Walker,* 533 U.S. 167, 181, 121 S.Ct. 2120, 2129 (2001).

[13]*Id.* at 183-84 (Stevens, J., concurring).

[14]*See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

6

nary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[15] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[16] A "'garden variety claim of excusable neglect'" does not support equitable tolling.[17] "Ignorance of the law, even for an incarcerated *pro se* prisoner," generally does not warrant equitable tolling.[18]

In the prior action, Moore repeatedly failed to honor Court orders limiting the number of pages he could file to state his claims and to provide briefing in support of his claims for relief under 28 U.S.C. § 2254. The Court struck several of Moore's filings, including the initial submission of a 381-page brief in support, and 106 pages of materials submitted in direct contravention of a Court order limiting Moore to 50 pages. In an order filed October 28, 2003, the Court struck several of Moore's excessive-length filings, and gave Moore another opportunity to file a compliant 50 page brief, with a warning to Moore that if he did not

---

[15] *See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

[16] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999), *cert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

[17] *Id.*

[18] *See Fisher,* 174 F.3d at 714.

7

comply he would be subject to dismissal under Federal Rule of Civil Procedure 41(b), and possibly be subject to the application of the statute of limitations if he sought to file another petition under § 2254.[19] Moore failed to timely respond, and the prior suit was dismissed without prejudice (except as to the application of any federal statute of limitations or other federal procedural bar).[20]

Moore's contention that he should now be entitled to equitable tolling for these actions is without merit. Moore has shown nothing about the procedural history of the prior case that was beyond his own control, or that made it impossible for him to file. He chose to begin that case with voluminous filings, and he chose to repeatedly file documents in excess of the length allowed by court rule and order.  He also chose to ultimately refuse to comply with a Court order in spite of an express warning that to do so would result in the dismissal of that case.  Moore was found during the prior case to have engaged in contumacious conduct. It would be an extreme application of tolling principles to now afford him any equity for such conduct.  At best, Moore was trying to challenge the applicable law on a Court's authority to limit the volume of paper filed in support of a petition for writ of habeas corpus. But, even so, the Fifth Circuit has held that when a petitioner's

---

[19] *See Moore v. Cockrell,* No.4:03-CV-523-Y (Order of October 28, 2003–copy attached as exhibit 1).

[20] *Id.,* (Order of Dismissal of November 25, 2003–copy attached as exhibit 2).

failure to file within the limitations period is attributable solely to his mistaken assumption about the applicable law, equitable tolling is not available.[21] Moore is not entitled to equitable tolling for the pendency of the prior federal case.

Petitioner Moore also argues for equitable tolling on the basis that he is actually innocent. The Court of Appeals for the Fifth Circuit has explicitly rejected the argument that it is fundamentally unfair to dismiss a § 2254 petition on the basis of limitations without considering the merits of an innocence claim.[22] Furthermore, the Fifth Circuit has held that a claim of actual innocence does not constitute the kind of "rare and exceptional" circumstance to warrant equitable tolling of the limitations period.[23] For these reasons, Moore has not shown that he is entitled to equitable tolling on the basis of an actual-innocence claim.

---

[21]See Fierro v. Cockrell, 294 F.3d 674, 680-82 (5th Cir. 2002)(because inmate's incorrect assumption that the filing of a motion for authorization to file a successive habeas corpus initiated the habeas process in order to satisfy the one-year limitation is "his own legal error, we conclude that [Petitioner] has not demonstrated that the circumstances of this case are sufficiently exceptional to warrant equitable tolling.")

[22]See Counsin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002).

[23]Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

It is therefore ORDERED that the December 9, 2004, motion to recuse [docket no. 23] be, and is hereby, DENIED.

It is further ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be, and is hereby, DISMISSED WITH PREJUDICE.

SIGNED April 27, 2005.

*[signature]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

10



ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CURTIS LYNN MOORE, (#853446), Petitioner, | § § § § | |
| VS. | § § | CIVIL ACTION NO.4:03-CV-523-Y |
| JANIE COCKRELL, DIRECTOR, T.D.C.J.,INSTITUTIONAL DIV., Respondent. | § § § | |

ORDER STRIKING PETITIONER'S SEPTEMBER 29, 2003 AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND AMENDED MEMORANDUM IN SUPPORT AND, PROVIDING PETITIONER UNTIL NOVEMBER 10 TO COMPLY WITH PRIOR ORDER (With special instructions to the clerk of Court)

Petitioner Curtis Lynn Moore initiated this habeas corpus action with a nine-page form petition and a 381-page brief in support, plus a large volume of exhibits. The magistrate judge ordered Moore to comply with the local rules of this Court by re-submitting a brief in support of the form petition that did not exceed 50 pages.[1] Rather than comply, Moore filed written objections to the magistrate judge's order. This Court overruled Moore's objections, and extended the time to file the 50-page brief until September 3. Moore sought additional time, and this Court afforded Moore an additional thirty days, until October 3, to file a brief not in excess of 50 pages. On September 29, 2003, Moore filed not a 50-page brief, but a 50-page attachment to the form petition, a 37-page amended brief, and a 19-page "unsworn statement" attached

---

[1]The magistrate judge initially ordered Moore to submit the 25-page-or-less brief as allowed by local civil rule 7.2(c), but then construed Moore's objections, in part, as a request for permission to file a brief in excess of 25 pages, and allowed Moore to file a brief not to exceed 50 pages.

EXHIBIT 1 to Opinion & Order in 4-04-CV-538-Y

thereto,[2] along with exhibits. Thus, Moore submitted 106 pages of argument in support of the form petition.

This Court has repeatedly warned Moore that a failure to comply with a court order would result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b). The Court recognizes that involuntary dismissal under Rule 41(b) is a drastic remedy to which this Court may resort in only extreme circumstances, and only after prior lesser sanctions are assessed.[3] This is especially true in instances where the dismissal, though itself without prejudice, may serve to bar the party from refiling because of a statute-of-limitations bar.[4]

This Court has been tolerant of Moore's challenging the Court's local rules and its reasonable requirements to manage the volume of paper permitted to be filed. Moore's direct disregard of this Court's order to limit the total number of briefing pages to 50, after his repeated objections and delays, reveals that he is engaging in contumacious conduct. Thus, the Court determines that a sanction of striking all of Moore's September 29 filings is a lesser sanction appropriate to the circumstances of this case.

---

[2]The bulk of which is not a "statement," but rather additional argument with multiple citations to the record.

[3]See Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996); see also Hepperle v. Johnston, 590 F.2d 609, 612 (5th Cir. 1979), citing Silas v. Sears, Roebuck and Co.,Inc., 586 F.2d 382 (5th Cir. 1978).

[4]See Long, 77 F. 3d at 878; see also Dudley v. Dallas Independent School District, No. Civ.3:99-CV-2634-BC, 2001 WL 123673, at 3-4 (N.D.Tex. Jan. 12, 2001). Without reaching the question of whether 28 U.S.C. § 2244(d)(1) may bar this particular case as untimely, the Court notes that if Moore forces the Court to dismiss this action under Rule 41(b), and then is in a position to be required to re-file a new § 2254 petition, the timeliness of that petition would certainly be in issue.

Moore will again be provided time to file an amended form petition and an amended brief in support of the nine-page form petition not in excess of 50 pages.

It is therefore ORDERED that petitioner Moore's September 29, 2003, amended petition for writ of habeas corpus, and the September 29, 2003, amended brief in support of Petitioner's amended petition for writ of habeas corpus, be and they are hereby, STRICKEN from the record of this case.

It is further ORDERED that petitioner Moore will be allowed until November 10, 2003, to file with the clerk of this Court a nine-page form petition for writ of habeas corpus[5] (entitled "Amended Petition"), along with a brief in support not in excess of 50 pages (entitled "Amended Brief"), and a submission of exhibits chosen only from those exhibits previously submitted with the original petition.[6] Petitioner is advised that failure to timely and explicitly comply with this order by this extended deadline *will* result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED October **28**, 2003.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[5]Moore has previously chosen to not list his grounds for relief in the § 2254 form itself. He may certainly do so within the spaces provided in the form.

[6]Moore is expressly instructed that he may not submit any other new papers, "statements" or documents other than copies of papers he already submitted as exhibits in support of the original petition.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CURTIS LYNN MOORE, | § | |
| (#853446), | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:03-CV-523-Y |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| T.D.C.J., Correctional | § | |
| Institutions Division,[1] | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

On October 28, 2003, this Court struck pleadings filed by petitioner Curtis Lynn Moore not in compliance with prior Court orders and allowed him until November 10, 2003, to file an amended form petition for writ of habeas corpus and an amended brief in support not in excess of 50 pages. Moore has not complied. Although Moore filed, on November 17, a document entitled "Written Objections," this Court's October 28, 2003, order is not subject to objections.[2] Moore did not otherwise seek an extension or provide reasons why he could not have timely complied with the October 28, 2003, order. The Court advised Moore in the October 28, 2003, order that "failure to timely and explicitly comply with this order by this extended deadline *will* result in the dismissal of this action

---

[1]Because the Texas Department of Criminal Justice, Institutional Division, was recently changed to the Texas Department of Criminal Justice, Correctional Institutions Division, and Douglas Dretke was named the Director, Dretke was "automatically" substituted as a party under Federal Rule of Civil Procedure 25(d)(1).

[2]In the alternative, the objections are overruled.

EXHIBIT 2 to Opinion & Order in 4-04-CV-538-Y

without further notice pursuant to Federal Rule of Civil Procedure 41(b)."

Based upon Moore's failure to comply with that order, and based upon his history of contumacious conduct before this Court, as documented in the October 28, 2003, order, this action must be dismissed.

As a result, it is ORDERED that the Petition for Writ of Habeas Corpus be, and is hereby, DISMISSED for lack of prosecution, without prejudice (except as to the application of any federal statute of limitations or other federal procedural bar) to its being refiled.[3] See FED. R. CIV. P. 41(b).

It is further ORDERED that the clerk of the Court shall transmit a copy of this order to Moore by certified mail, return receipt requested.

SIGNED November **25**, 2003.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/pse

---

[3]Petitioner is expressly warned of the time limitation for the filing of federal habeas-corpus petitions. As a result of amendments to the habeas-corpus statutes, a one-year statute of limitations is now applicable to the filing of non-capital § 2254 habeas corpus petitions in federal court. See 28 U.S.C.A. § 2244(d)(West Supp. 2003). Section 2244(d)(1) sets forth the general rule that a federal habeas petition filed by a person in custody pursuant to the judgment of a state court must be filed within one year after the petitioner's conviction becomes final. As to challenges that arise after the conviction is final, however, the limitation period commences when the factual predicate of the claims could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(d)(West Supp. 2003).

2